**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                          No. CR 05-1656 JB

RAMON ARELLANO-GARCIA,

       Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum and Request for Variance, filed March 6, 2006 (Doc. 17). The Court held a sentencing hearing on March 21, 2006. The primary issue is whether the Court should deviate from the Guideline sentence because Defendant Ramon Arellano-Garcia's 1995 conviction for attempted burglary of a habitation did not involve actual violence and because he did not intend to commit any crime other than sleep in the building. Because of the relatively minor nature of the prior conviction -- the prior conviction did not involve actual violence and Arellano-Garcia did not intend to commit any crime inside the habitation but only intended to sleep -- the Court will deviate from a Guideline sentence and will sentence Arellano-Garcia to 18 months. The Court will grant the request for a variance.

**FACTUAL BACKGROUND OF THE 1995 ATTEMPTED**
**BURGLARY OF A HABITATION CONVICTION**

Arellano-Garcia has advised his counsel that, on the night of the incident leading up to his conviction for attempted burglary of a habitation, he was in the process of returning to Mexico. See Sentencing Memorandum ¶ 11, at 6. He indicates that he was looking for shelter to spend the night. See id. He located a building, which appeared to be abandoned, and he entered the building when

the police arrived.  See id.  They arrested him for burglary.  See id.

Arellano-Garcia states that he did not intend to steal anything from the building, nor did he intend to commit any other felony or assault anyone in the building.  See id.  He was looking for a place to spend the night.  See id.[1]

In an attempt to verify the information that Arellano-Garcia provided, his counsel represents that he contacted numerous police agencies in an attempt to obtain the police reports pertaining to this incident.  See id.  Neither the El Paso Police Department, the Sheriff's Department, nor the Socorro Police Department were able to locate any records regarding the attempted burglary of a habitation for which Arellano-Garcia pled.  See id.

Arellano-Garcia does not dispute that he was convicted in the District Court of the State of Texas, El Paso County, on August 15, 1995, of attempted burglary of a habitation.  See id. ¶ 7, at 5.  Arellano-Garcia states that he ultimately decided to plead guilty to the charge of attempted burglary of a habitation as a result of pressure from his Public Defender.  See id. ¶ 13, at 7.  Arellano-Garcia states that the Public Defender told him that a guilty plea would result in an agreement that his Probation Violation, premised on the attempted burglary of a habitation, would run concurrently to the sentence that he would receive on his guilty plea to the attempted burglary.  See id.  Arellano-Garcia represents that the Public Defender told him, in no uncertain terms, that, if he proceeded to trial, he would be sentenced to serve up to twenty years of confinement with the Texas Department of Corrections in addition to the time he would serve on his probation violation.  See id.  Given these choices, Arellano-Garcia chose to plead guilty rather than risk a lengthy prison term.  See id.

---

[1] The United States indicated it did not have any evidence to dispute Arellano-Garcia's assertions.  See Transcript of Hearing at 9:2-9 (taken March 21, 2006).

The Texas Penal Code § 15.01 defines Criminal Attempt as: "A person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended." Section 30.02 of the Texas Penal Code defines Burglary as follows: "A person commits an offense if, without the effective consent of the owner, the person: (1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony, theft, or an assault." Section 30.01 of the Texas Penal code defines a "Habitation" as a structure or vehicle that is adapted for the overnight accommodation of persons.

At the Border Patrol Processing Facility, an immigration and criminal history check revealed that Arellano-Garcia had previously been deported from the United States to Mexico on two occasions. See Presentence Report ("PSR") ¶ 5, at 2. The first, on August 16, 1991, through El Paso, Texas, to Mexico, following a felony conviction for Burglary of a Vehicle, in the 171st District Court, El Paso County, Texas, case number 61774. See id. Arellano-Garcia was placed on nine years probation for the burglary. See id. The second, on March 1, 1997, through El Paso, Texas, to Mexico, following a felony conviction for Attempted Burglary of a Habitation, in the 171st District Court, El Paso County, Texas, case number 78253. See id. Arellano-Garcia was sentenced to four years custody in the State of Texas, Department of Corrections. See id.

## PROCEDURAL BACKGROUND

Arellano-Garcia entered into a plea agreement for this offense and pled guilty to an Information that charged a violation of 8 U.S.C. §§ 1326(a)(1), (a)(2), and (b)(2) -- Re-entry of Deported Alien Previously Convicted of an Aggravated Felony. See Plea Agreement, filed August 11, 2005 (Doc. 13). Based on Arellano-Garcia's prior conviction in 1995 for Attempted Burglary

of a Habitation, see PSR ¶ 11, at 3, the PSR assessed a sixteen-level upward adjustment, see id.,

resulting in an adjusted offense level of 24, see id. ¶ 15, at 4.

> Paragraph 11 of the PSR states:
>
> Specific Offense Characteristics: Section 2L1.2(b)(1)(A) provides that if a defendant had previously been deported following a conviction for a felony that is a crime of violence, a sixteen level increase is applicable pursuant to U.S.S.G. § 2L1.2, application note #5, which states "prior convictions of offenses counted under subsection (b)(1) include the offenses of aiding and abetting, conspiring, and attempting, to commit such offense." In this case, [o]n August 25, 1995, the defendant was sentenced to 4 years prison for Attempted Burglary of a Habitation as charged in the 171st District Court, El Paso County, Texas, Case number 78253. On March 1, 1997, the defendant was deported to Mexico through El Paso, Texas. Based on the aforementioned, a sixteen level increase is warranted.

After downward adjustments for acceptance of responsibility, Arellano-Garcia's final offense level

is twenty-one. See id. ¶¶ 16-17, at 4.

In paragraphs 19 and 20, the PSR discusses Arellano-Garcia's two adult criminal convictions.

In paragraphs 19 and 20, Probation reports:

|  | **Date of Arrest** | **Conviction/ Court** | **Date Sentenced/ Disposition** | **Guideline Section** | **Point** |
|---|---|---|---|---|---|
| 19. | 06/09/91 (Age 18) | Burglary of a Vehicle; 171st District Court, El Paso County, Texas, Case number 61774 | 08/09/91: The defendant pled guilty and sentenced to 9 years probation, $500 fine; 08/16/91: deported to Mexico; 08/25/95: probation revoked, sentenced to 4 years custody concurrent to Case number 78253; 02/28/97: released from custody to an immigration | 4A1.1(a) 4A1.2(k) | 3 |

detainer;
03/01/97: deported
to Mexico.

The defendant was represented by counsel in this matter.  The aforementioned information was obtained from Court documentation received from a collateral investigation completed by the United States Probation Office, Western District of Texas, to include Judgement and Sentence, Criminal Complaint, Offense Report, Probation documentation, and a National Crime Information Center (NCIC) criminal record check completed regarding the defendant.  According to the Offense report, on June 9, 1991, witnesses of the offense observed the defendant enter a Ford pick-up and carry items away.  Officers of the El Paso, Texas Police Department arrived and found the defendant behind a nearby building with the items he took from the pick-up truck.  He was subsequently arrested and charged with Burglary of a Vehicle.  On August 9, 1991, the defendant was placed on probation for nine years and on August 16, 1991, he was deported from the United States to Mexico through El Paso, Texas.  On August 25, 1995, the defendant was convicted for Attempted Burglary of a Habitation in the 171st District Court, El Paso County, Texas, Case number 78253.  As a result, the defendant's probation was revoked for committing a new crime and failing to remain in the Republic of Mexico.  The defendant was sentenced to 4 years custody with the Texas State Department of Corrections.  On February 28, 1997, the defendant was released from custody and on March 1, 1997, he was deported to [sic] from the United States to Mexico through El Paso, Texas.

| 20. | 05/26/95 (Age 21) | Attempted Burglary of a Habitation; 171st District Court, El Paso County, Texas, Case number 78253 | 08/25/95: The defendant pled guilty and sentenced to 4 years custody concurrent to case number 61774; 02/28/97: released from custody to an immigration detainer; 03/01/97: deported to Mexico. | 4A1.1(a) | 3 |

The defendant was represented by counsel in this matter.  The aforementioned information was obtained from Court documentation received from a collateral investigation completed by the United States Probation Office, Western District of Texas, to include Judgement and Sentence, Criminal Complaint, and a National Crime Information Center (NCIC) criminal record check completed regarding the

-5-

defendant.  According to the Criminal Complaint, on May 26, 1995, the defendant attempted to enter a dwelling in El Paso, Texas to commit a theft therein.  The defendant was sentenced to 4 years custody with the Texas State Department of Corrections.  On February 28, 1997, the defendant was released from custody and on March 1, 1997, he was deported to [sic] from the United States to Mexico through El Paso, Texas.

At Criminal History Category III and Offense Level 21, Arellano-Garcia's sentencing range is 46 to 57 months.

The Court set a sentencing for November 4, 2005.  See Notice of Sentencing Hearing, filed October 3, 3005 (Doc. 14).  Before or after the hearing, but not during it, Arellano-Garcia, through counsel, objected to the PSR and the prior criminal history therein.  Probation represented that Arellano-Garcia asserted that he is not the same defendant for the arrest and conviction in paragraph 19, for Burglary of a Vehicle, in the 171st District Court, El Paso County, Texas, Case number 61774.  See Addendum to the PSR at 1 (dated January 18, 2006).  He further stated he is not the same defendant for the arrest and conviction in paragraph 20, for Attempted Burglary of a Habitation, in the 171st District Court, El Paso County, Texas, Case number 78253.  See id.[2]

Arellano-Garcia moved for a continuance of the hearing so that his counsel could investigate some aspects of the underlying crimes.  See Transcript of Hearing at 2:1-4:2 (taken November 4, 2005).[3]  Counsel represented that Arellano-Garcia raised some issues that he had not raised before.  See id.  Counsel wanted to make certain that everything was correct before he proceeded with the

---

[2] At the March 21, 2006 sentencing, Arellano-Garcia's counsel clarified that he may have misspoken to Probation, and that Arellano-Garcia was not asserting that he was not involved in the prior convictions, but rather that the individual he was with actually broke into the vehicle and then they were both walking away with the items.  See Transcript of Hearing at 6:7-24.

[3] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

sentencing.  See id.  The United States did not oppose the continuance, and the Court granted the request.  See id.

Arellano-Garcia moves the Court to impose a sentence which is below that which the PSR recommends and to consider all factors set forth in 18 U.S.C. § 3553(a).  See Defendant's Sentencing Memorandum and Request for Variance at 1 (citing United States v. Booker, 543 U.S. 220 (2005)).  The United States has not submitted any objections to the PSR concerning Arellano-Garcia, nor has the United States submitted a Response to Arellano-Garcia's sentencing memorandum.

## LAW REGARDING POSSIBLE STATUTORY AND GUIDELINE SENTENCES

### 1.    Guideline Sentence.

The statutes listed in the Information authorize a statutory maximum sentence of up to twenty years incarceration.  See 8 U.S.C. § 1326(b)(2).  Under the United States Sentencing Guidelines, the base offense level for this offense is 8.  See U.S.S.G. § 2L1.2(a).  The Attempted Burglary of a Habitation conviction qualifies as a "crime of violence" under U.S.S.G. § 2L1.2.  See United States v. Spring, 80 F.3d 1450, 1463 (10th Cir. 1996)(concluding that a conviction for burglary of a habitation under the Texas Penal Code qualifies as a crime of violence).  Thus a sixteen-level enhancement applies.  See § 2L1.2(b)(1)(A).

### 2.    Booker.

The Supreme Court of the United States has rendered the Guidelines "effectively advisory." United States v. Booker, 543 U.S. 220, 245 (2005).  Anticipating that the new advisory nature of the Guidelines would result in sentences outside of the applicable Guidelines range, the Supreme Court directed district courts to craft all sentences according to the non-excised provisions of the

Sentencing Reform Act. Specifically, the Supreme Court stated that, although the Guidelines are no longer mandatory,

> [t]he Act nonetheless requires judges to consider the Guidelines "sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant," § 3553(a)(4), the pertinent Sentencing Commission policy statements, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims, §§ 3553(a)(1), (3), (5)-(7) (main ed. and Supp. 2004). And the Act nonetheless requires judges to impose sentences that reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and effectively provide the defendant with needed educational or vocational training and medical care. § 3553(a)(2) (main ed. and Supp. 2004).

United States v. Booker, 543 U.S. at 259-260. Thus, while district courts must still consider the Sentencing Guidelines, they are now one consideration among others.

Section 3553(a)(2) states that such purposes are:

(A) to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment to the offender;

(B) to afford adequate deterrence to the criminal conduct;

(C) to protect the public from further crimes of the defendant;

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Section 3553(a) further directs sentencing courts to consider: (i) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (ii) "the kinds of sentences available"; (iii) "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct"; and (iv) "the need to provide restitution to any victims of the offense."

Thus, after United States v. Booker, the Sentencing Guidelines and policy statements are two

factors that the district court should consider when sentencing a defendant.  The other factors listed in § 3553(a) play a role, and should be afforded weight, in the court's consideration.  While Arellano-Garcia argues that these other factors are of equal weight with the Guideline sentence, the Court need not decide whether all factors play an equal role and are entitled to equal weight; what the appellate courts have instructed is that the district court must consider all factors.  In determining a reasonable sentence for a particular defendant, some factors may be more pronounced than others, and sentencing is not a mechanical process.  Moreover, the guideline sentence often reflects Congress' and the Commission's balancing of some of the § 3553(a) factors.  Rather than viewing all factors as equal, sentencing courts after <u>Booker</u> must consider various factors that previously, under the mandatory Guideline sentencing, they would not normally have considered -- <u>e.g.</u>, the defendant's educational and vocational needs, the need to provide "just" punishment to the offender, and the defendant's motivation behind committing the offense.

In any case, especially after <u>United States v. Booker</u>, the courts have the ability to rectify the sentencing disparity that results from blind application of § 2L1.2 and to fashion a sentence that more accurately reflects: (i) the seriousness of the offense; (ii) the potential dangerousness of the individual; and (iii) the resulting amount of protection the community needs.

## <u>ANALYSIS</u>

Arellano-Garcia understands that he stands convicted of the felony offense of attempted burglary of a habitation.  He denies, however, entering the building to commit a burglary in that he did not intend to steal anything, nor did he intend to commit any other felony or assault in the building.  He represents that he was looking only for shelter in which he could spend the night.  Furthermore, Arellano-Garcia regrets that he decided to plead guilty to attempted burglary of a

-9-

habitation, but did so because of the pressures he faced at the time.

The crime of Burglary qualifies as a "crime of violence" as the Sentencing Guidelines defines that phrase in § 2L1.2.  Arellano-Garcia states that the Court should nonetheless consider that the facts and circumstances behind the prior conviction for Attempted Burglary of a Habitation do not warrant or justify a sentence consistent with a sixteen-level upward adjustment.  Because 18 U.S.C. § 3553(a) directs a court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant," it is appropriate for the Court to examine the nature of the prior felony conviction that has resulted in the significant increase in both offense level and criminal history category for Arellano-Garcia.  See United States v. Trujillo-Terrazas, 405 F.3d 814, 820 (10th Cir. 2005)(finding Booker error for district court to not examine minor nature of prior felony conviction that resulted in 16-level upward adjustment where the defendant had thrown a match into a car resulting in $35.00 worth of damage); United States v. Zapata-Trevino, 378 F.Supp.2d 1321, 1326-27 (D.N.M. 2005)(finding that 16-level upward adjustment not warranted, where goal of uniformity in sentencing not met based on facts and circumstances behind the prior conviction).  The Court may therefore consider the nature of the offense in determining whether Arellano-Garcia is entitled to a deviation from a Guideline sentence.

When the Court examines the facts and circumstances of Arellano-Garcia's Attempted Burglary of a Habitation, Arellano-Garcia's conduct does not in fact warrant a sentence consistent with a 16-level enhancement for a prior conviction for a crime of violence.  Arellano-Garcia pled guilty to attempted burglary of a habitation.  By definition, he did not complete the crime and his conviction was premised upon an act amounting to preparation that tends, but fails, to effect the commission of the offense intended.  Arellano-Garcia was looking only for shelter for the night, and

-10-

did not, nor did he intend to, commit any violence and did not intend to commit any other felony within the building.  Finally, after serving his sentence, Arellano-Garcia will be deported from the United States, thereby mitigating against the argument that he is a danger to the community.

In conclusion, Arellano-Garcia should not be subjected to the same consequences as someone who has completed the criminal activity of burglary of a habitation.  Despite that the prior burglary of a habitation conviction qualifies as a "crime of violence" under § 2L1.2 of the Guidelines, a closer examination of that case, and specifically the motivation that led Arellano-Garcia to become involved in that incident, demonstrates that a 16-level enhancement is not justified.  Based on all the facts and circumstances, a 16-level upward adjustment based on this conduct is not warranted.  The United States suggested at sentencing, and the Court agrees, that an 8-level enhancement -- consistent with an enhancement for a re-entry subsequent to deportation for an aggravated felony, see U.S.S.G. § 2L1.2(b)(1)(B) -- is appropriate, see Transcript of Hearing at 9:2-22, resulting in a total offense level 13, and a Guideline range of 18-24 months.  The Court will sentence Arellano-Garcia to 18 months, which the Court believes is a reasonable sentence.[4]

**IT IS ORDERED** that the Defendant's Request for Variance is granted.  The Court will deviate from the Guidelines and give Arellano-Garcia a reasonable sentence.

_____
UNITED STATES DISTRICT JUDGE

---

[4] The United States agreed that a sentence of 18 months was a reasonable sentence.  See Transcript of Hearing at 14:6-10.

*Counsel:*

David C. Iglesias
  United States Attorney for the
    District of New Mexico
Norman Cairns
  Assistant United State Attorney for the
    District of New Mexico
Albuquerque, New Mexico

       *Attorneys for the Plaintiff*

Armando Torres
Torres and Garde, P.C.
Albuquerque, New Mexico

       *Attorney for the Defendant*